UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 11-cv-3076-SER |
| v. | Hon. Magistrate Judge Steven E. Rau |
| DAVID B. WELLIVER and DBLAINE CAPITAL, LLC, | |
| Defendants. | |

**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO DEFENDANTS
DAVID B. WELLIVER AND DBLAINE CAPITAL, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants David B. Welliver ("Welliver") and Dblaine Capital, LLC ("Dblaine Capital") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment and Order of Permanent Injunction and Other Relief ("Final Judgment"), without admitting or denying the allegations of the Complaint (except as to jurisdiction, which is admitted, and except as to Counts Three, Twelve, Thirteen, Fifteen, Sixteen, Eighteen, and Nineteen, for which the Court has granted summary judgment as to liability by Memorandum and Order entered on April 30, 2013); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or from aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and 80b-6(2)], while acting as an investment adviser, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce, knowing or recklessly:  (a) to employ devices, schemes, or artifices to defraud their clients or prospective clients; or (b) to engage in transactions, practices, and courses of business that operate or would operate as a fraud or deceit upon clients or prospective clients.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 206(3) of the Advisers Act [15 U.S.C. §80b-6(3)], while acting as an investment adviser and while acting as principal for their own account, directly or indirectly, by use of the mails or means or instrumentality of interstate commerce, to knowingly purchase a security from a client, without disclosing to such client in writing before the completion of such transaction the capacity in which Defendants are acting and obtaining the consent of the client to such transaction.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 206(4) of the Advisers Act 15 U.S.C. §80b-6(4) and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], while acting as an investment adviser to a pooled investment vehicle, by:

    (a) making untrue statements of material facts or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, to investors or prospective investors in the pooled investment vehicle; or

    (b) engaging in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to investors or prospective investors in the pooled investment vehicle.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 17(a)(2) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. §80a-17(a)(2)], while affiliated with a registered investment company, by knowingly purchasing from the registered investment company a security other than a security issued by such registered investment company.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 17(e)(1) of the Investment Company Act [15 U.S.C. §80a-17(e)(1)] by knowingly providing substantial assistance to any person affiliated with a registered investment company and acting as its agent, to accept compensation, other than regular salary or wages from the registered investment company, for the sale of property to such registered investment company.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 22(e) of the Investment Company Act [15 U.S.C. §80a-22(e)] by knowingly providing substantial assistance to any registered investment company to suspend the right of redemption, or postpone the date of payment or satisfaction upon redemption of a redeemable security in accordance with its terms for more than seven days after the tender of such security to the company or its agents designated for that purpose for redemption.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Section 34(b) of the Investment Company Act [15 U.S.C. § 80a-33(b)], by making untrue statements of material fact, or omitting facts necessary in order to prevent statements made, in light of the circumstances under which they were made, from being materially misleading, in registration statements, applications, reports, accounts, records, or other documents filed or transmitted pursuant to the Investment Company Act.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Investment Company Act Rule 22c-1 [17 C.F.R. § 270.22c-1] by knowingly providing substantial assistance to any registered investment company to sell,

redeem, or repurchase its redeemable security at a price other than the price based on the current net asset value of such security that is next computed after receipt of a tender of the security for redemption or of an order to purchase or sell the security.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or from aiding and abetting violations of, Investment Company Act Rule 38a-1 [17 C.F.R. § 270.38a-1] by knowingly providing substantial assistance to any registered investment company to fail to adopt and implement written policies and procedures reasonably designed to prevent violation of the federal securities laws by the company, including policies and procedures that provide for the oversight of compliance by each investment adviser, principal underwriter, administrator, and transfer agent of the company.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $869,713, representing profits as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $52,769.91, for a total of $922,482.91. Defendants shall satisfy this obligation by paying $922,482.91 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David B. Welliver and Dblaine Capital, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Welliver shall pay civil penalties in the amount of $200,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-41(e)]. Defendant Welliver shall make this payment within 14 days after entry of this Final Judgment. The Court is not ordering Defendant Dblaine Capital to pay a civil penalty.

Defendant Welliver may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Welliver may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David B. Welliver as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Welliver shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Welliver relinquishes all legal and equitable right, title, and interest in such


funds and no part of the funds shall be returned to Defendant Welliver. The Commission shall send the funds paid pursuant to this paragraph to the United States Treasury. Defendant Welliver shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  August 13, 2013                              *s/Steven E. Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge